(106 So. 862)

NAVCO HARDWOOD CO. v. MOBILE & GULF NAV. CO. et al.

MOBILE & GULF NAV. CO. et al. v. NAVCO HARDWOOD CO.

(1 Div. 371, 371-A.)

(Supreme Court of Alabama.  Nov. 27, 1925. Rehearing Denied Jan. 21. 1926.)

1. Evidence ⬬441(1)—Formal written contract controls all matters involved therein and excludes any prior agreements relating to same matter.

Formal written contract controls all matters involved therein, and excludes any prior agreements relating to same matter.

2. Shipping ⬬18—Contract for construction of boat and barges and use thereof in transporting logs for lumber company construed.

Under contract for construction of boat and barges by navigation company for a lumber company, lumber company and C. to make certain advances, held that lumber company was owner of property to be used by navigation company as bailee to transport logs for lumber company, and lumber company was entitled to possession thereof on termination of transportation contract, on reimbursing C. for advances, and accounting to navigation company for amounts advanced by it, and repairs after construction were not chargeable to lumber company.

3. Shipping ⬬39—Owner's consent to use of equipment by bailee in other business not presumed to relieve bailee of liability for hire.

Under contract of owner of vessels and equipment with navigation company, providing that latter should use vessels and equipment for owner's business only, except by written consent of owner, the navigation company is liable for use or hire during time of any unauthorized use, and neither written nor oral consent will be presumed, but, to relieve navigation company of liability, consent must be shown by evidence.

4. Shipping ⬬147—Repairs to equipment held not included in costs of transporting logs for lumber company.

Where letter from lumber company, which owned vessel and barges used to transport logs to navigation company, acquiesced in by latter, excepted repairs to equipment from costs of transportation under contract based on such costs, held that such repairs should not be included in costs of transportation.

5. Shipping ⬬147—Where formal contract left charges for transporting logs to future agreement, held that, in absence of such agreement, charges should be made on basis of previous letter fixing such charges.

Where formal contract for construction of vessel and barges, and use thereof to transport logs, left charges for transportation to future agreement, held that, in absence of such agreement, letter written previous to formal contract stating terms as cost plus 25 per cent., on which previous charges had been based, fixed amount of charges, and charges should not be made on quantum meruit.

---

⬬For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Interest $\Longleftrightarrow$39(6)—Person advancing money for construction of vessel and barges for lumber company held entitled to interest thereon from time lumber company demanded possession of barges.**

Under contract for construction of vessel and barges for lumber company, providing that lumber company and C. would make advances thereon, and that C. should be reimbursed before company should have possession, *held* that C. was entitled to interest on his advances from time lumber company demanded possession, or at least from time its original bill to obtain possession was filed.

On Rehearing.

**7. Shipping $\Longleftrightarrow$147—Contract to transport logs at "cost plus 25 per cent." held to include items of costs referred to in letter; "cost."**

Under contract whereby navigation company agreed to transport logs for "cost plus 25 per cent.," *held* that such "cost plus 25 per cent." included items of operation mentioned in navigation company's letter written before agreement; "cost" having no definite meaning, but depending on conditions and surrounding circumstances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cost.]

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by the Navco Hardwood Company against the Mobile & Gulf Navigation Company and Paul E. Chalifoux, and crossbills by respondents. From the decree, both complainant and respondents appeal. Affirmed in part, and reversed and remanded on direct appeal; corrected and affirmed on cross-appeal.

The original bill seeks to redeem a certain derrick boat and barges, alleging the payment by complainant of all sums expended in construction and equipment under a contract between the parties of date February 26, 1921, but offering, if mistaken as to payment, to pay any amount necessary to the delivery of said boat and barges to it free of liens. It is alleged that a large quantity of logs were barged under the mentioned contract, and an accounting with respect to these transactions is prayed.

Respondent Mobile & Gulf Navigation Company, by its cross-bill, seeks an accounting between it and complainant, the ascertainment of balance due by complainant, and prays that a lien upon the said barges, etc., be decreed in its favor. Respondent Chalifoux seeks, by his cross-bill, a lien upon said barges, etc., for the amount advanced by him.

The contract exhibited with the bill is as follows:

"Memorandum of agreement, made and entered into by and between the Navco Hardwood Company, a corporation, hereinafter called the Navco Company, and the Mobile & Gulf Navigation Company, Inc., a corporation, hereinafter called the Gulf Company, and Paul E. Chalifoux of Birmingham, Ala., owning a considerable part of the stock of the Gulf Company, witnesseth that said parties have contracted and agreed with each other as follows:

"(1) The Navco Company is to contribute $30,000 through the Merchants' Bank of Mobile, Ala., for the immediate completion, construction, and equipment by the Gulf Company of one derrick boat, 30 feet by 60 feet, and of 6 barges of the dimensions of 100 by 30 feet, each, the Gulf Company to furnish all material and labor for the construction, completion, and equipment of said boat and barges, which are to be the property of the Navco Company, and shall be delivered to it by the Gulf Company free of any lien thereon or claim against same or any part thereof. When said $30,000 has been expended on said material and work, the said Chalifoux shall pay, and contribute toward the further construction, completion, and equipment of said boat and barges the sum of $15,000, if needed, or such part thereof as may be necessary in said construction and completion, when and as required by the Gulf Company for material and work, or either, in the construction, completion, and equipment of said boat and barges; and the said Chalifoux shall have an equity therein to the extent of the $15,000 contributed by him. Thereafter, such further sum or sums as may be needed by the Gulf Company in the completion, construction, and equipment of said boat and barges shall be furnished by the Navco Company and when required by the Gulf Company. All necessary material furnished by the Gulf Company and all work done or had done by it shall be at actual cost, and the material and equipment used and work done shall be of high, standard grade, and all bills and expenses for said material, equipment, and work shall at all times be open to the full inspection and investigation of the said Navco Company and the said Chalifoux or either of them.

"(2) Said boat and barges, as soon as available, shall be placed and used by the Gulf Company in the service of the Navco Company in delivering logs to its mill on Dog river, Mobile county, Ala., and the Gulf Company shall immediately place in said service of the Navco Company such additional boats, barges, and equipment, and such motive power as may be necessary for the Gulf Company to make delivery of approximately 40,000 feet per day of logs for the Navco Company at its said mill. After such boats, barges, equipment, and motive power shall have been so used by the Gulf Company in the service of the Navco Company for the delivery of logs at said mill for a period of 60 days to determine the cost per thousand feet of logs on the delivery thereof at said mill from points on the Tombigbee river, using the Douglas timber tract in Clarke county, Ala., as a basis for figuring said costs, the Navco Company may terminate this contract, for said logging arrangement, or may extend it for an additional period or periods of time not to exceed months beyond the first 60-day period, to determine the costs of said log deliveries. At any time after the first 60-day period, and within 6 months thereafter, the Navco Company is privileged to terminate said logging arrangement herein provided for, upon giving a 30-day written notice to the Gulf Company, and upon the expiration of said 30 days, the Gulf

Company shall return and deliver to the Navco Company its said derrick boat and its said 6 barges upon payment to the said Chalifoux of the $15,000, or such part thereof as he may have advanced for the construction, completion, or equipment of said boat and barges or any part thereof; it being understood and agreed that at no time are said boat and barges to be returned and delivered to the Navco Company until such payment has first been made to said Chalifoux, and such payment, when made, shall be in full purchase of his equity in said boat and barges.

"(3) During the continuance of the logging arrangement herein provided for, the Navco Company shall pay to the Gulf Company $7 per thousand feet of logs delivered at its said mill, and settlements by the Navco Company with the Gulf Company on said basis shall be made on the 1st of each month for deliveries during the first half of the preceding month, and on the 15th of each month for deliveries during the last half of the preceding month.

"It is further understood and agreed between the Navco Company and the Gulf Company that the final settlement and adjustment of charges on all log deliveries made under this contract shall be governed and controlled by a separate contract and agreement to be executed by said two companies embracing their agreement as to same.

"Executed, in triplicate, this 26th day of February, 1921."

The letter of October 2, 1920, is as follows:

"Oct. 2d, 1920.

"Navco Hardwood Company, Mobile, Alabama —Gentlemen: The following is my idea of the contract which we are contemplating entering into with you for freighting your logs:

"You furnish finances to build eight Barges and one Derrick, we operate this equipment and furnish motive power freighting your logs at cost plus 25 per cent. We agree to purchase this equipment from you on the following basis:

"We pay you 20 per cent. of the value of this equipment annually divided into monthly payments, said payments to be in proportion to the freights we haul, all of equipment to be owned by you. Irrespective of the bill of sale passing into our hands we are to still continue to operate all of this equipment solely in handling your business. We are to carry insurance on this equipment to the extent of the value, payable to you as your interest may appear. We agree to keep this equipment in good repair. We agree not to use this equipment for any work other than yours, unless by written consent from you. You agree that, in case conditions arise whereby you do not require this equipment for a period of time, that you will give your written consent for us to use this equipment for other work, only however until such time as you require same. You also agree that, in event your work is retarded for some unforeseen reason, and there is no other work for the equipment, that our payments to you shall cease until such time as your operations start up, or until such time as we can find work for the equipment.

"We submit to you for audit the cost of operation on this equipment, including the operation of towboat, derrick, and the barges, including the insurance, these costs to be em-

bodied in our agreement, subject to increase, or decrease due to change in labor, fuel, subsistence, or other costs included in operating this equipment. Yours truly, Mobile & Gulf Navigation Co., Inc., By R. H. Radcliff, V. Pres. "RHR:h."

The pertinent parts of the letter of March 14, 1921, are as follows:

"New Albany, Ind., March 14, 1921.

"Mr. H. R. Radcliff, c/o Mobile & Gulf Navigation Co., Mobile, Alabama—Dear Mr. Radcliff: Am glad indeed to get yours of March 8th, and, until your letter was received, I was under the impression that the matter referred to in your letter was taken care of in the barge contract. As I do not have a copy here, however, I am unable to determine this, but, inasmuch as you have written me, I assume that I am wrong in my conclusion.

"In the absence of a formal contract, will say, however, that it was my understanding that for the period of our temporary barging arrangement the New Albany Veneering Company was to pay your company at the rate of $7 per M feet of logs barged, payment to be made on the 15th of the month for all logs delivered and checked up prior to the 1st of the month, and on the 1st of the month for logs delivered prior to the 15th of the month previous. This is on the basis of the cost, plus 25 per cent. (except that out of the 25 per cent. your company was to pay all repairs, except labor), and actual cost of operating the equipment used in the delivery of the logs to the Navco Hardwood Company, the 25 per cent. to be based on the cost last mentioned. If, after the expiration of this tentative agreement, your costs show either more or less than $7 per M feet, the final settlement to be adjusted either up or down as an audit may determine. * * *

"In conclusion and as a preliminary to a tentative barging agreement dated February 26th, I suggest that you carefully audit your books on the old barging account and present to Mr. La Vergy, for his checking up, a complete statement from the time you began delivering logs to Dog river up to, and including, February 26th. * * * Yours very truly, E. V. Knight, President Navco Hardwood Company."

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellant and cross-appellee.

The contract of February 26 controls, and governs all transactions between the parties relative to the construction of derrick boat and barges. Harrison v. Polar Star Co., 116 Ill. 279, 5 N. E. 546; Mobile E. Co. v. Mobile, 201 Ala. 607, 79 So. 39, L. R. A. 1918F, 667; Dickey v. Vaughn, 198 Ala. 285, 73 So. 507; Jones v. Bank, 206 Ala. 209, 89 So. 437. The contract cannot operate as a purchase by Chalifoux of an interest in the equipment, but only to establish an equitable first lien in his favor for the amount supplied. Greil Bros. v. Montgomery, 182 Ala. 299, 62 So. 692, Ann. Cas. 1915D, 738; 1 Jones on Liens (3d Ed.) § 27; 3 Pomeroy, Eq. Jur. (4th Ed.) § 1237; 25 Cyc. 668. Complainant is entitled to redeem the equipment from the liens of

respondents and to an accounting, charging the Gulf Company with the reasonable value of the use thereof by the Gulf Company. Harris v. Jones, 188 Ala. 638, 65 So. 956; Jones on Chat. Mort. (5th Ed.) § 695; Houton v. Holliday, 6 N. C. 111, 5 Am. Dec. 522. There was no expressed agreement as to the amount to be paid the Gulf Company for barging prior to February 26, 1921, and for that service it is entitled to the reasonable value thereof and nothing more. 28 R. C. L. 694; Nelson v. Webb. 54 Ala. 438.

Harry T. Smith & Caffey, of Mobile, for appellees and cross-appellants.

Under the contract of October 2, 1920, for the manufacture of personal property to be paid for in advance, the title did not pass until the consideration was paid. Never having paid the price or received delivery, complainant never became the owner. Drake v. Scott, 136 Ala. 261, 33 So. 873, 96 Am. St. Rep. 25; Shines v. Steiner, 76 Ala. 458; Harmon v. Goetter, Weil & Co., 87 Ala. 325, 6 So. 93; 35 Cyc. 323; Fordice v. Gibson, 129 Ind. 7, 28 N. E. 303; Hawes v. Trigg, 110 Va. 165, 65 S. E. 538; In re Carter, 21 App. Div. 118, 47 N. Y. S. 383; Dunham v. Williams, 83 Ark. 395, 103 S. W. 386; Heiser v. Mears, 120 N. C. 443, 27 S. E. 117; Schwab v. Oatman, 129 App. Div. 274, 113 N. Y. S. 910; Robbins v. Chipman, 1 Utah, 335. The right to hire of personal property is an incident to the right of possession, which never vested in complainant. Learned-Letcher Co. v. Fowler, 109 Ala. 169, 19 So. 396; 21 Cyc. 437; 29 C. J. 756; Brown v. Ganier, 6 Taunt. 589. The right to use the property vested in Chalifoux, and the use thereof, being under authority from him, created no implied obligation to pay the complainant for the use. McGarrell v. Murphy, 1 Hilt. (N. Y.) 132; Harris v. Ansonia, 73 Conn. 359, 47 A. 672. Chalifoux is entitled to interest on the sum advanced from the date thereof. 33 C. J. 232; Rensselaer v. Reid, 5 Cow. (N. Y.) 587; Posey v. Mayer's Adm'r, 3 Ky. Law Rep. 613; Freeland v. Edwards, 3 N. C. 49, 2 Am. Dec. 620; Foley v. Foley, 15 App. Div. 276, 44 N. Y. S. 588.

ANDERSON, C. J. The contract of February 26, 1921, deals with the construction of the boat and barges therein designated, provides that the Navco Company shall advance $30,000 towards the payment of labor and material, that, in addition thereto, Chalifoux was to advance $15,000, if needed—that is, if the amount so advanced by the Navco Company was insufficient to complete the construction—and for such other sum by the Navco Company as may be necessary to complete the boat and barges, should the amounts previously advanced by said company and Chalifoux be insufficient to do so. The contract also contemplates and provides that the boat and barges were to be the property of the Navco Company, and that Chalifoux was to have an equity for the $15,000 advanced by him, or so much thereof as may have been used in the cost of construction under the terms of same. The contract further provides for the use to which the equipment was to be put—that is, the transportation of logs for the Navco Company—and also gives the method of determining the cost of transportation, and authorizes the termination of same in the manner there provided. The contract further provides for an advance of $7 per thousand feet for logs delivered at the mill of the Navco Company on the 1st and 15th of each month. It does not, however, fix the amount of charges for hauling the logs, as this is expressly left open to be fixed by a subsequent agreement, but which does not appear to have been executed by the parties.

[1, 2] It is a well-settled legal principle that the contract of February 26, 1921, controls and governs all matters and transactions therein dealt with or involved, and excluded any previous agreement or understanding prior thereto, which relates to the subject-matter dealt with in the contract. Harrison v. Polar Star Lodge, 116 Ill. 279, 5 N. E. 546; Mobile Electric Co. v. City of Mobile, 201 Ala. 607, 79 So. 39, L. 'R. A. 1918F, 667; Dickey v. Vaughn, 198 Ala. 285, 73 So. 507. We therefore think that the Navco Company was the owner of the boat and barges under the terms of said contract, that the Gulf Company was a bailee only, and the Navco Company was entitled to the possession of same upon the termination of the transportation agreement, upon reimbursing Chalifoux the amount advanced by him, or so much thereof, not exceeding $15,000, as may have been used under the terms of the contract.

The Navco Company should also account to the Gulf Company for any amount expended by it in the construction over and above the sums advanced by the said Navco Company and Chalifoux, and the Navco Company is entitled to all material on hand and not used in the boat or barges which were completed.

[3] As we view the contract, its whole scheme and purpose was the construction of the boat and barges for the sole use by the Gulf Company in transporting logs for the Navco Company to its mill, and there is nothing in same which authorizes the use of said boats for other purposes, and, if they were so used, the Gulf Company should account for the reasonable value of the use or hire of same. The trial court seems to have attached importance to the letter or document of October 2, 1920, requiring that the boat and barges be used only for the Navco Company, "unless by written consent from said company," and that the contract of February 26, 1921, is silent as to the use of the equipment by the Gulf Company, and indulges the presumption that written con-

sent was given for the use of the equipment for other business or purposes, and holds that the Gulf Company was not chargeable for using the equipment in its own business, though not hauling logs for the Navco Company. In the first place, we do not think that the contract is silent as to the use for which the equipment was to be put, but provides that it shall be used in transporting logs for the Navco Company, and makes no provision for the use of same by the Gulf Company for other purposes. On the other hand, with or without the letter of October, 1920, if the Navco Company consented to such user, verbally or in writing, express or implied, the Gulf Company would not be liable for the use or hire, but this consent should be established by the evidence and not be presumed without evidence showing an express or implied consent. Of course, we are aware of the rule that a bailee in the rightful possession of property, and who puts the same to an authorized use, is not liable for the use or hire of said property, but, if he becomes in default, by improperly withholding the property, or by diverting it to a use other than the one to which he was intrusted, he is chargeable for the value of the use or hire thereof during the period of the wrongful detention, and for the unauthorized use to which he put same.

We are inclined to agree with the trial court that any sums expended in the construction of the equipment, whether before or after the contract of February 26, 1921, for labor or material, should be included in the cost of construction and accounted for by the Navco Company, as it seems that the said equipment was not only in contemplation, but partially constructed, when the said contract was executed and it would be too narrow a construction to hold that the parties contemplated only the cost actually incurred after the contract was executed.

The contract clearly provides that the amounts to be advanced, both by the Navco Company and Chalifoux, should be used in the construction only, and repairs made after the construction were not chargeable against the Navco Company under said contract.

[4] Nor do we think that repairs on the equipment are within the cost of transportation of the logs as the letter of March 4, 1921, from the Navco Company, which was, in effect, acquiesced in by the Gulf Company, excepts therefrom the cost of repairs, and includes only the labor and actual cost of operation for logs hauled subsequent thereto and by the boat and barges of the Navco Company.

[5] While the proposition as outlined in the letter or document of October 2, 1920, was not carried out as to the boat and barges, and to this extent was merged into the agreement of February 26, 1921, it is manifest that the parties looked to it as fixing the charges to be paid the Gulf Company for the transportation of all logs prior to the contract of February 26, 1921, and which was not in fact changed until the letter of March, 1921, heretofore referred to, as this question was left open in the contract, and a new understanding as to charges for transportation was not reached until March 15, 1921. We cannot, therefore, agree to the appellant's contention that no price was fixed for hauling the logs prior to the letter of March 15, 1921, and that the Gulf Company was confined to a quantum meruit as for hauling the logs prior to March 4, 1921.

[6] As to the Chalifoux claim, and whether or not it should bear interest: It is true, the contract does not provide that the advance by him was to bear interest from date, or that he was to be repaid with interest, but it does provide that he must be reimbursed before the Navco Company shall have the possession of the boat and barges, and his said claim, of necessity, matured when the transportation contract was terminated, and when said company demanded said property; and the trial court erred in not decreeing that Chalifoux's claim should bear interest as from the date that the Navco Company demanded the property, or at least when the original bill was filed.

The decree of the circuit court is affirmed in part, and reversed and remanded in part, so that it may conform to this opinion, and on cross-appeal is corrected and affirmed; cost of appeal to be taxed, one-half to Gulf Company and one-half to Navco Company.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

### On Rehearing.

ANDERSON, C. J. [7] We are still of the opinion that the Gulf Company did not have to rely upon the quantum meruit for the price of transporting the timber prior to March, 1921, when the second contract became effective, as the letter of October 2, 1920, fixed the compensation. True, there was no express acceptance of the proposition as outlined in said letter, but the evidence rationally established an implied acceptance. It is suggested upon rehearing that we do not define the term "at cost plus 25 per cent.," as used in said letter, a point not discussed upon the original hearing, and the necessity of doing so did not therefore occur to the court. We wish to say, however, that the word "cost" has no hard and fast meaning, and is open to a fixation by the conditions under which the term is used and the surrounding circumstances. Here, the latter part of the letter refers to a statement which immediately follows the letter in the transcript, and which sets out items and estimates of cost, and shows the cancellation and elimination of certain items. It says, "We submit to you the cost of operation," etc., and it is evident the parties had in mind

this statement or memorandum when entering into the agreement, and the items there set out should only be included in ascertaining the cost of transportation. We cannot agree with counsel for appellee that this statement should not be looked to because the letter was upon the basis that the transportation was to be by boats or barges constructed under the terms thereof, and could not refer to other boats and barges. True, changing the boats may have affected some of the items, but we have held that the letter should be looked to as fixing the price, and, such being the case, it logically follows that the statement or memorandum therein referred to must be considered in connection therewith.

Rehearing denied upon direct and cross-appeal.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.